**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **TOM SMITH & GAY SMITH,**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**GAF MATERIALS, LLC d/b/a GAF.**<br><br>**Defendants** | **CIVIL ACTION NO.____________** |

**GAF MATERIALS, LLC's NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

Without waiving any objections to jurisdiction, venue, and/or services, Defendant GAF Materials, LLC d/b/a GAF and files this Notice of Removal and in support thereof will respectfully show this honorable Court as follows:

## I. INTRODUCTION AND BACKGROUND

1. On May 29, 2025, Plaintiffs Tom Smith and Gay Smith ("Plaintiffs") initiated this action against GAF Materials, LLC d/b/a GAF ("Defendant") seeking damages related to allegedly deficient roof shingles manufactured by Defendant, in Cause No. 2025-37933, *Tom Smith and Gay Smith vs. GAF Materials, LLC d/b/a Gaf*, in The 333rd Judicial District Court of Harris County, Texas.

2. On June, 11, 2025 Plaintiff filed their First Amended Original Petition, adding Braziel Building Group, LLC ("Braziel") as a defendant. As discussed further below, this is likely an attempt to destroy diversity amongst the parties and keep this matter in state court.

3. Plaintiffs assert causes of action under the Texas Deceptive Trade Practices Act and common law breach of contract.

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL

5. Defendant was served with process on June 25, 2025. *See* **Exhibit A.** The Federal Rules of Civil Procedure generally require civil actions to be removed within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim of relief upon which the action is based. 28 U.S.C. § 1446(b)(1). This removal is being filed on June 26, 2025.

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists.

7. Plaintiffs are domiciled in Harris County, Texas, and are therefore citizens of Texas.[1]

8. GAF Materials, LLC is a citizen of Delaware and New York for purposes of diversity jurisdiction. A limited liability company's citizenship is determined by its members' citizenship.[2] GAF Materials, LLC's sole member is GAF, LLC. GAF, LLC's sole member is Standard Building Solutions, Inc, a company that is organized under Delaware law and has its principal place of business in New York. Thus, complete diversity exists amongst the parties.

---

[1] *See* Plaintiff's Original Petition at "Parties" ¶3; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

9. This Court should ignore Braziel's citizenship for purposes of diversity because Plaintiffs improperly joined Braziel.Plaintiffs amended their petition to add Braziel and did not add any factual basis for doing so or distinguish their prior allegations against GAF from their new claims including Braziel. It is implausible that GAF and Braziel are jointly liable based on the facts Plaintiffs allege in their First Amended Petition.

10. A removing defendant establishes improper joinder by showing a plaintiff's inability to establish a cause of action against the non-diverse party in state court.[3] To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the Defendant."[4] However, "[a] mere theoretical possibility of recovery ... will not preclude a finding of improper joinder."[5] Although Plaintiffs asserts claims for (1) breach of contract, (2) deceptive trade practices, and (3) breach of warranty, they do so in shotgun fashion against "defendants" without identifying any facts establishing that GAF or Braziel is responsible. The claims are a barebones recitation of the elements and the facts section does not contain any facts that plausibly establish any of these claims against Braziel. Consequently, Plaintiffs improperly joined Braziel and this Court should ignore its citizenship and dismiss it.

**B. The Amount in Controversy Exceeds $75,000.00.**

11. For purposes of determining whether the amount in controversy requirement is satisfied in the context of diversity jurisdiction, the state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is

---

[3] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).
[4] *See Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).
[5] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (quotation and citation omitted).

apparently made is good faith.[6] Texas state law requires plaintiffs to plead for damages that fall within certain ranges, the lower range of damages being for $100,000.00 or less.[7]

12. Here, Plaintiffs explicitly seek "monetary relief of $250,000 or less, excluding statutory or punitive damages and penalties, and attorney's fees and costs."[8]

13. On its face, Plaintiffs' Original Petition seeks $250,000.00, or less.[9] This alone satisfies the amount in controversy requirement, as Plaintiffs are explicitly representing they will seek up to $250,000.00. Moreover, Plaintiffs assert that they hired a roofer, Homeward Roofing, to inspect the roof.[10] Homeward Roofing allegedly determined that "all of the roof jacks needed to be replaced[.]"[11] On March 20, 2025, Plaintiff's issued a demand seeking a full replacement of their roof. When the roof was initially installed, it cost approximately $13,847.00.[12] This is notable because Plaintiffs also seek damages pursuant to the Texas Deceptive Trade Practices Act, which could potentially entitle Plaintiffs to three times the amount of economic damages.[13] Thus, Plaintiffs are ostensibly seeking at least $41,541.00 for the roof alone. The Fifth Circuit have recognized that "[A]n award of treble damages under the DTPA…is considered part of the amount in controversy."[14]

---

[6] *Danial v. Daniels*, 162 F. App'x 288, 290 (5th Cir. 2006)(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L. Ed. 845 (1938).
[7] *See,* Tex. R. Civ. P. 47 and 47(c)(1).
[8] *See* Plaintiff's Original Petition at "Relief Sought" ¶2.
[9] *Supra* n.6.
[10] *See* Plaintiff's Original Petition at "Roof Leaks" ¶10.
[11] *Id.*
[12] Since the roof was installed in 2017, there has been high inflation in the United States, potentially increasing the dollar-value by today's dollar much higher.
[13] Tex. Bus. & Com. Code Ann. §17.50(b)(1); *see also,* Plaintiff's Original Petition at "Causes of Action" ¶16-19.
[14] *Hartford Ins. Grp. V. Lou-Con, Inc.,* 293 F.3d 908, 912 (5th Cir. 2002); *Greco v. Jones*, 992 F. Supp. 2d 693, 700 (N.D. Tex. 2013); *Premium Plastics v. Seattle Specialty Ins. Servs., Inc.,* No. H-10-3960, 2011 WL 11199 at *3 (S.D. Tex. Jan 3, 2011).

14. In addition, Plaintiffs seek attorneys' fees, and that all court costs be assessed against Defendant.[15] Likewise, this must also be included in the amount in controversy.[16]

15. The total amount of damages Plaintiffs will ultimately seek will more likely than not exceed $75,000.00. Thus, the amount in controversy requirement is satisfied.

## IV. VENUE

16. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas – the location of the pending state court action.[17]

## V. ADDITIONAL REQUIREMENTS

17. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

18. This Notice of Removal is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

19. The forum defendant rule does not prohibit a removal because Plaintiff has not properly joined and served Braziel.[18]

20. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

---

[15] Plaintiff's Original Petition at "Relief Requested."
[16] *Theriot v. Transamerica Life Insurance Company,* 354 F. Supp. 3d. 712,719 (E.D. Tex. 2017).
[17] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2) (stating that the Houston Division of the Southern District includes Harris County).
[18] *See e.g. Texas Brine Company, L.L.C. v. American Arbitration Association, Incorporated*, 955 F.3d 482, 485 (5th Cir. 2020).

21. Having satisfied the requirements for removal, Defendants give notice that Cause No. 2025-37933, *Tom Smith and Gay Smith vs. GAF Materials, LLC d/b/a GAF* in The 333rd Judicial District Court of Harris County, Texas has been removed to this Court.

Respectfully submitted,

MCGLINCHEY STAFFORD PLLC

By: /s// Jonathan L. McKinney
**T. DYLAN REEVES**
Texas State Bar No. 24070483
treeves@mcglinchey.com
**JONATHAN L. MCKINNEY**
Texas State Bar No. 24121004
jmckinney@mcglinchey.com
1001 McKinney, Suite 1500
Houston, Texas 77002
(713) 335-2150 (Telephone)
(713) 520-1025 (Facsimile)
**ATTORNEYS FOR GAF MATERIALS, LLC**

## CERTIFICATE AND NOTICE OF FILING

I certify that on June 26, 2025, the foregoing Notice of Removal was filed with the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served upon Plaintiff.

*/s/ T. Dylan Reeves*
**T. DYLAN REEVES**

## CERTIFICATE OF SERVICE

I certify that on June 26, 2025, a true and correct copy of the foregoing was served pursuant to the FEDERAL RULES OF CIVIL PROCEDURE as follows:

***Via Email***
William J. Cronin
William J. Cronin, P.C.
10109 Louetta Rd. – Ste 100
Houston, Texas 77070
Email: bcroninlaw@att.net
**Attorney for Plaintiffs**

*/s/ T. Dylan Reeves*
**T. DYLAN REEVES**